UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SHANNON JONES,

    Plaintiff,

vs.

SCOTTY'S AUTOMOTIVES, INC.
A Florida Profit Corporation, and SCOTT
P. JANSON, Individually.

    Defendants.

Case No.:

**COMPLAINT FOR VIOLATION OF THE
FAIR LABOR STANDARDS ACT**

    Plaintiff SHANNON JONES sues Defendants SCOTTY'S AUTOMOTIVE, INC. and SCOTT P. JANSON, individually, and states:

### NATURE OF ACTION

1. This is an action for unpaid overtime under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et. seq.* ("FLSA").

### THE PARTIES

2. The Plaintiff is SHANNON JONES. At all times material, the Plaintiff resided in Lee County Florida, at 8311 Wooley Drive, North Fort Myers Florida, 33917.

3. The corporate Defendant is SCOTTY'S AUTOMOTIVE, INC., a Florida. Corporation. Defendant Scotty's is an automotive repair shop with its principal place of business located at 15610 McGregor Boulevard, Fort Myers, FL 33908.

4. Individual Defendant SCOTT P. JANSON was, at all times material, the Managing Member, President, and owner of the corporate Defendant. On information and

belief, individual Defendant JANSON is a resident of Lee County, Florida.

## JURISDICTION & VENUE

5. This Court has subject matter jurisdiction under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

6. This Court has personal jurisdiction over the Defendants because:

   (a) Defendants engage in substantial and not isolated activity within the Middle District of Florida; and

   (b) Defendants operate, conduct, engage in, and/or carry on business in the Middle District of Florida.

7. Venue is proper because:

   (a) The unlawful employment practices alleged in the Middle District of Florida; and

   (b) Defendants operated a business within the judicial district and reside in the judicial district.

## FLSA COVERAGE

8. At all times material to this action, Defendant Scottys was, and continues to be, an "enterprise engaged in commerce" and an enterprise engaged in the "production of goods for commerce" as defined by the FLSA, 29 U.S.C. § 203(r) and 203(s).

9. At all times material, Defendants employed at least two or more employees who handled, sold, or otherwise worked with goods or materials that had once moved through interstate commerce, including vehicles, tools and equipment, and vehicle repair supplies, which were used directly in furtherance of Defendants' commercial activities.

10. At all times material, Defendants had gross sales volume of at least $500,000 annually.

11. Plaintiff is individually covered by the FLSA because he was "engaged in commerce." Specifically, Plaintiff regularly used the instrumentalities of insterstate commerce in the performance of his duties. Plaintiff regularly received and used components and parts from out-of-state suppliers, and used those components and parts in installations for the customers' vehicles.

12. At all times material hereto, the work performed by the Plaintiff was essential to the business conducted by Defendants.

13. At all times material, Defendant Janson was the Managing Member, President, and owner of Defendant Scotty's.

14. At all times material, Defendant Janson regularly held and/or exercised the authority to hire and fire employees of Defendant Scotty's and to determine the work schedules for the employees of the company. Defendant Janson also held and exercised the authority to control the finances and operations of Defendant Scotty's.

15. By virtue of having held and/or exercised the authority to: (a) hire and fire employees of Scotty's; (b) determine the work schedules for the employees of Scotty's; and (c) control the finances and operations of Scotty's, Defendant JANSON, is an employer as defined by 29 U.S.C. §201 *et. seq*.

## STATEMENT OF CLAIM
## VIOLATION OF 29 U.S.C. § 207 (UNPAID OVERTIME)

16. Plaintiff realleges Paragraphs 1 through 15.

17. Defendant Scotty's is an automotive repair shop with two locations in Lee County, Florida. Scotty's services and repairs automobiles for its customers.

18. Plaintiff was employed by Defendant Scotty's from approximately January 22, 2018 through January 24, 2019.

19. Plaintiff was an automotive technician. His primary duties were to service

and repair customer vehicles. Plaintiff mainly worked at Defendant's McGregor Boulevard location.

20. Plaintiff was paid a weekly salary of $900. However, Defendant made improper deductions to Plaintiff's salary. As a result, Plaintiff did not receive the salary during all workweeks.

21. Defendants regular work week for payroll was Friday through Thursday. Plaintiff was paid weekly on Friday.

22. Defendant did not ask or require Plaintiff to track his time.

23. Plaintiff's regularly scheduled hours were 8:00 AM to 6:00 PM Monday through Friday. Additionally, Plaintiff worked every other Saturday from 8:00 AM to 1:00 PM. Plaintiff routinely took a half-hour lunch break during the week; he did not typically take a half-hour break when he worked Saturdays.

24. 29 U.S.C. § 207 of the FLSA provides:
> [N]o employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed

25. Although Plaintiff worked one or more workweeks in excess of forty hours, Defendants failed to pay Plaintiff time and one half his regular rate.

26. Defendants knew of and/or showed a willful disregard for the provisions of the FLSA as evidenced by Defendants' failure to compensate Plaintiff at the statutory rate of time and one-half for the hours worked in excess of forty (40) hours per week when Defendants knew or should have known such was due.

27. As a result of Defendants' violations under the FLSA, Plaintiff brings this action to recover damages under 29 U.S.C. 216(b) including: unpaid overtime compensation and an additional amount as liquidated damages.

**WHEREFORE**, judgment for Plaintiff and against Defendants as follows:

a. Unpaid overtime compensation in amounts according to proof;

b. Liquidated damages in an equal amount to unpaid overtime;

c. Reasonable attorney's fees and costs; and

d. Other and further relief this Court deems to be just and proper.

## JURY DEMAND

Plaintiff demands a jury trial.

Dated: July 31, 2020

**Respectfully submitted,**

By: /s/   Jason L. Gunter
Jason L. Gunter
Fla. Bar No. 0134694
Conor P. Foley
Fla. Bar No. 111977
**GUNTERFIRM**
1514 Broadway, Suite 101
Fort Myers, FL   33901
**Phone:** (239) 334–7017
**Fax:**   (239) 236–8008
**Email:**   Jason@Gunterfirm.com
**Email:**   Conor@Gunterfirm.com